UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,  \*
\*
    Plaintiff, \*
\*
v. \*
\* Civil Action No. 13-11286-JLT
FMA ALLIANCE LTD, \*
\*
    Defendant. \*

MEMORANDUM

October 17, 2013

TAURO, J.

I.    Introduction

Plaintiff Paul Jones brings this suit against Defendant FMA Alliance Ltd. for alleged violations of the Telephone Consumer Protection Act ("TCPA")[1] and Chapter 93A of the Massachusetts General Laws. Presently at issue are Defendant's Motion to Dismiss Complaint [#6] and Plaintiff's Motion to Consolidate & Motion for Leave to File Amended Complaint [#13]. For the following reasons, Defendant's Motion to Dismiss is ALLOWED and Plaintiff's Motion to Consolidate & Motion for Leave to File is DENIED.

II.    Background

On May 1, 2013, Plaintiff filed a complaint against Defendant in Boston Municipal Court.[2] Plaintiff asserted two causes of action. First, Plaintiff alleged that Defendant violated the TCPA. Second, Plaintiff alleged a derivative Chapter 93A claim. To support these claims, Plaintiff alleged that Defendant called Plaintiff's wireless telephone number without express

---

[1] 47 U.S.C. § 227.

[2] Notice Filing Notice Removal, Ex. A [#5] [hereinafter Statement of Small Claim].

permission.[3]

On May 29, 2013, Defendant removed the action to this court[4] and, on June 5, 2013, Defendant filed the motion to dismiss that is currently at issue. In response, on July 1, 2013, Plaintiff filed his Motion to Consolidate & Motion for Leave to File Amended Complaint that is also at issue. Plaintiff appended to his filing his proposed amended complaint.[5] His proposed amended complaint seeks to add, among other things, claims under the Fair Debt Collection Practices Act ("FDCPA").[6] To support that claim, Plaintiff alleges that Defendant (1) called him after 9:00 p.m. in an effort to collect a debt; (2) harassed him in an effort to collect a debt; and (3) failed to provide him with a validation notice regarding an alleged debt.[7]

III. Discussion

A. Defendant's Motion to Dismiss

The TCPA provides in relevant part:

> It shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .[8]

The TCPA defines "automatic telephone dialing system" ("ATDS") as equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential

---

[3] Statement of Small Claim.

[4] Notice Removal [#1].

[5] See Notice Mot. Consolidate & Mot. Leave File Am. Compl., Ex. 1 [#13] [hereinafter Proposed Am. Compl.].

[6] 15 U.S.C. § 1692 et seq.

[7] See generally Proposed Am. Compl.

[8] 47 U.S.C. § 227(b)(1).

2

number generator; and . . . to dial such numbers."⁹ The elements of a TCPA claim are thus: (1) the defendant called a cellular telephone; (2) using an ATDS; (3) without the recipient's prior express consent.¹⁰

The sufficiency of a plaintiff's TCPA claim "turns on whether he plausibly pleads that defendants used an ATDS."¹¹ A "bare allegation that defendants used an ATDS is not enough."¹² Instead, "well-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used."¹³ Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim.¹⁴

Here, Plaintiff's complaint fails to adequately plead all elements necessary to sustain a TCPA claim. Specifically, Plaintiff fails to allege that Defendant used an ATDS. For that reason,

---

⁹ Id. § 227(a)(1). The Federal Communications Commission ("FCC") slightly altered this definition in its regulations. The FCC determined that "equipment that dials a list of numbers (such as a business's list of customers), rather than dials random or sequential numbers, is still an ATDS, because 'the basic function of such dialing equipment' is the same—'the capacity to dial numbers without human intervention.'" Gragg v. Orange Cab Co., No. C12-0576RSL, 2013 WL 1788479, at *2 (W.D. Wash. Apr. 26, 2013) (quoting Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 73 Fed. Reg. 6041, 6042 (Feb. 1, 2008)).

¹⁰ See Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)); Pimental v. Google, Inc., No. C-11-02585, 2012 WL 1458179, at *2 n.2 (N.D. Cal. Apr. 26, 2012) (citing 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)). The First Circuit has not discussed the elements of a claim under the TCPA.

¹¹ Gragg, 2013 WL 1788479, at *2.

¹² Id.; see Johansen v. Vivant, Inc., No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (citing Abbas v. Selling Source, LLC, No. 09C3413, 2009 U.S. Dist. LEXIS 116697, at *13 (N.D. Ill. Dec. 14, 2009); Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010)).

¹³ Gragg, 2013 WL 1788479, at *2 (internal quotations omitted).

¹⁴ See Ibey v. Taco Bell Corp., No. 12-CV-0583-H, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012).

3

Plaintiff's TCPA claim is dismissed.

Plaintiff's Chapter 93A claim is based expressly on Plaintiff's TCPA claim.[15] Because Plaintiff did not establish the existence of a viable TCPA claim, his derivative Chapter 93A claim fails as a matter of law.[16] Plaintiff's complaint, therefore, is dismissed in its entirety.

B.     Plaintiff's Motion for Leave to File an Amended Complaint

A court may deny leave to amend a complaint for several reasons, including "futility of amendment."[17] "Futility" means that "the complaint, as amended, would fail to state a claim upon which relief could be granted."[18]

Here, Plaintiff's proposed amended complaint, like his original complaint, also fails to include sufficient allegations to sustain a TCPA claim. Like his original complaint, Plaintiff's proposed amended complaint fails to allege that Defendant made any of the alleged telephone calls using an ATDS. The sole reference in the proposed amended complaint to the use of ATDS reads, in relevant part: "On information and belief, . . . Defendant used an automated telephone

---

[15] Statement of Small Claim ("[V]iolation of Tcpa is an automatic violation of the Mgl 93A [sic].")

[16] See, e.g., Waters v. Kream, 770 F. Supp. 2d 434, 437 (D. Mass. 2011) ("The Chapter 93A claims were predicated on the putative violations of the FDCPA. Since there was no underlying violation of the latter, there was no unfair or deceptive act or practice in violation of the former."); Pimental v. Wachovia Mortg. Corp., 411 F. Supp. 2d 32 (D. Mass. 2006) ("Since [the plaintiff] has failed to allege sustainable breach of contract or negligence claims, and the Chapter 93A claim is based upon the previous two claims, there is no basis for finding [the defendant] liable under Chapter 93A." (citing Egan v. Athol Mem. Hosp., 971 F. Supp. 37, 47 (D. Mass. 1997))).

[17] United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).

[18] Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice ¶ 15.08[4], at 15–80 (2d ed. 1993); Vargas v. McNamara, 608 F.2d 15, 17 (1st Cir. 1979)). In reviewing for futility, a district court "applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman, 90 F.3d at 623 (citing 3 Moore's ¶ 15.08[4], at 15–81).

4

dialing system as defined by 47 USC § 227 (a)(1) [sic] when it made each and every call to Plaintiffs [sic] wireless numbers . . . ."[19] Such a "bare allegation,"[20] without more, is insufficient to sustain a TCPA claim.

Plaintiff's proposed amended complaint also adds a claim against Defendant under the FDCPA. The FDCPA contains a one-year statute of limitations.[21]

Plaintiff alleges the existence of three telephone calls actionable under the FDCPA, one of which allegedly occurred on March 29, 2011, and two of which allegedly occurred on March 30, 2011.[22] Given the one-year statute of limitations, however, Plaintiff was required to have asserted these claims by March 30, 2012. Because Plaintiff is asserting his FDCPA claim for the first time now, outside the one-year statute of limitations, his FDCPA claim fails as a matter of law.

The Chapter 93A claims in Plaintiff's proposed amended complaint are expressly derivative of his TCPA and FDCPA claims. For that reason, those claims, too, fail as a matter of law.

Because Plaintiff's proposed amended complaint fails to state a claim upon which relief could be granted, the proposed amendment is futile. As such, this court denies Plaintiff leave to file the amended complaint.

---

[19] Proposed Am. Compl. ¶ 71.

[20] Gragg, 2013 WL 1788479, at *2.

[21] See 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs."); see also Harrington v. CACV of Colo., LLC, 508 F. Supp. 2d 128, 132–33 (D. Mass. 2007) ("As Plaintiff brought this action on July 14, 2006, the FDCPA statute of limitations bars claims for violations occurring before July 14, 2005.").

[22] Proposed Am. Compl. ¶ 27.

C.      Plaintiff's Motion to Consolidate

Because this court hereby dismisses Plaintiff's complaint and denies Plaintiff's motion for leave to amend, Plaintiff's motion to consolidate this action with other actions pending in this district is moot.

IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Complaint is ALLOWED and Plaintiff's Motion to Consolidate & Motion for Leave to File Amended Complaint is DENIED. AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge